FILED

July 1, 2016

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:12 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MURFREESBORO

| | | |
|---|---|---|
| **ANGELA HEWLETT** | ) | |
| **Employee,** | ) | **Docket No. 2015-05-0003** |
| | ) | |
| **v.** | ) | **State File No. 879-2015** |
| | ) | |
| **SMX STAFFING** | ) | |
| **Employer,** | ) | |
| | ) | **Judge Dale Tipps** |
| **And** | ) | |
| | ) | |
| **NEW HAMPSHIRE INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS

---

This matter came before the undersigned workers' compensation judge on June 29, 2016, on the Request for Expedited Hearing filed by the employee, Angela Hewlett, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is whether Ms. Hewlett is entitled to additional medical treatment. The central legal issue is whether the evidence is sufficient for the Court to determine that Ms. Hewlett is likely to establish at a hearing on the merits she suffered an injury arising primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court finds Ms. Hewlett is not entitled to the requested medical benefits at this time.[1]

### History of Claim

The following facts were established at the Expedited Hearing on June 29, 2016.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

Ms. Hewlett is a fifty-five-year-old resident of Midway, Alabama. She testified that while working for the employer, SMX Staffing, on November 20, 2014, she fell and injured her elbow. She reported the injury, and SMX provided a panel of physicians. Ms. Hewlett selected Dr. Phillip Coogan from the panel on February 19, 2015. (Ex. 3.)

Ms. Hewlett testified that, prior to receiving the physician's panel, she treated with Dr. Christian Vissers, who sent her for electrodiagnostic testing with Dr. Garrison Strickland. Dr. Strickland's report of December 24, 2014, indicated a severe bilateral median nerve entrapment at the wrists, consistent with bilateral carpal tunnel syndrome. Although she reported her right elbow was particularly painful, Dr. Strickland noted no evidence of right ulnar neuropathy. (Ex. 6.)

Dr. Coogan saw Ms. Hewlett on February 26, 2015. He noted she had "persistent carpal tunnel," as well as right, middle, and ring finger triggering. She described the problems as beginning in November when she fell and injured her elbow. He noted she returned to production work, but subsequently quit in November. She then saw Dr. Vissers, who diagnosed carpal tunnel syndrome and recommended a carpal tunnel release. Dr. Coogan diagnosed severe bilateral carpal tunnel syndrome, and stated this condition did not arise primarily out of the November 20, 2014 fall, nor Ms. Campbell's other job duties with SMX. (Ex. 2.)

Following SMX's denial of her claim, Ms. Hewlett filed a Petition for Benefit Determination seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice, certifying the issues of compensability and medical treatment. Ms. Hewlett filed a Request for Expedited Hearing.

At the Expedited Hearing, Ms. Hewlett asserted she was entitled to additional medical treatment. She contended Dr. Coogan only addressed her carpal tunnel syndrome, for which she is not seeking benefits. Therefore, she argues he failed to properly examine or diagnose her right elbow condition. She seeks an order requiring SMX to provide additional medical treatment for her elbow, which continues to hurt.

SMX countered it has provided all the benefits to which Ms. Hewlett is entitled. It argued the authorized treating physician (ATP), Dr. Coogan, opined Ms. Hewlett's condition is not work-related, and as she has not presented any medical testimony to the contrary, Ms. Hewlett cannot meet her burden of proving a compensable claim.

**Findings of Fact and Conclusions of Law**

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Ms. Hewlett need not prove every element of her claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human*

*Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1)(2015). In analyzing whether she has met her burden, the Court will not remedially or liberally construe the law in her favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Ms. Hewlett nor SMX. *See* Tenn. Code Ann. § 50-6-116 (2015).

To prove a compensable injury, Ms. Hewlett must show her alleged injury arose primarily out of and in the course and scope of her employment. Tenn. Code Ann. § 50-6-102(14) (2015). To do so, she must show her injury was caused by an incident, or specific set of incidents, identifiable by time and place of occurrence. Tenn. Code Ann. § 50-6-102(14)(A) (2015). Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C) (2015). "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(14)(D) (2015).

Applying these principles to the facts of this case, the Court cannot find that Ms. Hewlett appears likely to meet her burden of proving a compensable injury. Ms. Hewlett selected Dr. Coogan from a panel of physicians provided by SMX. Therefore, Tennessee Code Annotated section 50-6-102(14)(E) (2015) establishes a rebuttable presumption of correctness for Dr. Coogan's causation opinion. That opinion stated Ms. Hewlett's condition did not arise primarily out of her employment.

Ms. Hewlett objects to Dr. Coogan's opinion on the ground it was medically deficient. While her concern that Dr. Coogan failed to address her elbow complaints is understandable, the medical records admitted into evidence do not support it. Dr. Coogan noted in Ms. Hewlett's history she reported her problems beginning with a fall at work in November. Even though he was aware of both the accident and Ms. Hewlett's suspicion it was the cause of her symptoms, he still diagnosed her underlying problem as carpal tunnel syndrome, rather than an elbow problem. Further, Dr. Strickland's testing specified a finding of no ulnar neuropathy.

More importantly, Ms. Hewlett submitted no medical evidence to support her claim that Dr. Coogan's opinion was invalid. Her allegations regarding the quality of Dr. Coogan's evaluation constitute nothing more than a lay opinion. The Court cannot substitute its medical opinion, or that of Ms. Hewlett, for the professional opinion of Dr. Coogan. Absent a contrary medical opinion, she cannot rebut the presumption of correctness afforded Dr. Coogan's opinion by the statute. *Scott v. Integrity Staffing Solutions*, No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *8 (Tenn.

Workers' Comp. App. Bd. Aug. 8, 2015).

Therefore, as a matter of law, Ms. Hewlett has not come forward with sufficient evidence from which this Court concludes she is likely to prevail at a hearing on the merits. Her request for medical treatment is denied at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Hewlett's claim against SMX and its workers' compensation carrier for the requested medical benefits is denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on August 18, 2016, at 9:00 a.m.

   **ENTERED this the 1st day of July, 2016.**

   _____
   **Judge Dale Tipps**
   **Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Dale Tipps, Court of Workers' Compensation Claims. You must call 615-741-2112 or toll free at 855-874-0473 to participate.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

4

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Affidavit of Angela Hewlett
2. February 26, 2015 office note of Dr. Philip Coogan
3. C-42 Choice of Physician Form
4. C-41 Wage Statement
5. C-23 Notice of Denial
6. December 24, 2014 report of Dr. Garrison Strickland
7. Acknowledgment Letter and Email (Identification Only)
8. Medical Bills and Physical Therapy Records (Identification Only)
9. Supportive Feedback documents (Identification Only)
10. Premier Radiology records on disc (Identification Only)
11. Surgical information sheets from Premier Orthopaedics (Identification Only)


Technical record:[2]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 1st day of July, 2016.

| Name | Certified Mail | Fax Number | Via Email | Email Address |
|---|---|---|---|---|
| Angela Hewlett | X | | | P.O. Box 281 Midway, AL 36053 |
| Jared Renfroe, Attorney | | | X | jrenfroe@spicerfirm.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**